[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Manchester Planning Zoning Commission's approval of a special permit authorizing the applicant, Manlan Trust, to excavate a parcel of property for the purpose of preparing it for industrial development. The plaintiff Town of East Hartford, which owns property abutting the parcel in question[1], alleges that it was error for the Commission to grant the special permit because the applicable regulations do not contain standards for granting such a permit.
The relevant facts are not disputed. The Manlan Trust holds purchase options on several parcels of land, totalling approximately 50 acres, in the Town of Manchester. The plaintiff Town of East Hartford is the owner of the East Hartford Golf CT Page 5114-GG course which abuts the Manlan Trust property. The Trust seeks to prepare the undeveloped property for industrial development. As part of that effort it filed an excavation permit application pursuant to § 11.02 of the Town of Manchester Zoning Regulations for permission to excavate the property in its attempt to make the property saleable to a developer. Although by its terms the application purported to have been brought pursuant to § 11.02, entitled "Excavation and removal of earth products as part of a construction, landscape or agricultural operation", the text of the application as well as the defendant's approval of it, was based on § 11.03.02, which explicitly authorizes the Commission, after public hearing, to "grant an Excavation Permit for the excavation and removal of earth products" provided that there is compliance with over 15 detailed conditions.
The plaintiff's argument is twofold. First it claims that the excavation permit, which the parties agree is a special permit, was granted pursuant to § 11.02. Second, plaintiff argues that the permit was illegally issued because § 11.02, contrary to the well settled rules governing special permits, does not set forth standards to guide the Commission in its review of the special permit application. Resolution of plaintiff's claims requires consideration of the applicable regulations.
§ 11.02, as previously noted, is entitled "Excavation and removal of earth products as part of a construction, landscape or agricultural operation." § 11.02.01 in turn provides that "[u]nless otherwise provided in this Section, there shall be no excavation and removal of earth products from the premises, in any zone, except for" one of five enumerated purposes. § 11.02(e) then goes on to state that "[i]f such work (normal site preparation and grading for future developments) will involve an area greater than two acres, or requires the removal of earth products from the premises, an Excavation Permit will be required. In addition § 11.02.01(e) also specifies that if, "in the opinion of the Commission, such an operation will actually constitute a borrow pit, the applicant must follow the procedures as set forth in Paragraph 11.03.01 or 11.03.02."
§ 11.03 is entitled "Excavation and removal of earth products from Borrow Pits." § 11.03.01 requires that an Excavation Permit be issued for any "situation not related to a construction, landscape or agricultural operation" involving the "excavation and removal of top soil or loam," provided that CT Page 5114-HH certain specific conditions are satisfied.
Finally § 11.03.02 provides that the "Commission may, after a public hearing, grant an excavation Permit, for the excavation and removal of earth products in any zone, only when it is satisfied that" the 15 conditions set forth in that section are satisfied.
Unfortunately, these provisions, as the plaintiff accurately observes, are hardly a model of clarity. What can be discerned however, is the following. First, excavation and removal of the earth is not permitted except for the purposes set forth in § 11.02. These purposes, generally, are agricultural, landscaping, construction and site preparation. Even if the excavation is consistent with these purposes, if the work will involve either: (1) an area greater than two acres or (2) removal of earth products from the premises, an Excavation Permit is required. In addition, if the excavation would constitute a borrow pit, the procedures set forth in § 11.03.01 and § 11.03.02 must be followed. Those sections set forth the standards and conditions for obtaining an excavation permit. Thus, in the event the excavation affects more than two acres or the operation constitutes a borrow pit ("an area where earth products are excavated and are removed but not processed"), then § 11.03.01 and 11.03.02 are implicated.
Application of this scheme to the dispute in this case discloses the following. The operation contemplated by the Manlan Trust involves almost fifty acres, thereby requiring that, pursuant to § 11.02.01(e), an excavation permit be issued. The application filed by the Trust, while referencing § 11.02.01(e), tracked almost verbatim the provisions of § 11.03.02 which govern the issuance of an excavation permit. The application was heard and decided by the Commission in accordance with the specific criteria set forth in § 11.03.02, as evidenced by the letter of approval issued by the Commission and the agreement entered into between the Trust and the Commission. That agreement tracks exactly the criteria which guide the issuance of the Permit under § 11.03.02.
Under these circumstances, while it is true, as the plaintiff argues, that § 11.2.01 does not set forth standards for issuing an excavation permit, those standards are clearly delineated in § 11.03.02 and are specifically referred to in § 11.2.01. In addition, a review of the application, the CT Page 5114-II testimony presented at the hearing and the defendant's written decision make clear that the parties were fully aware of the criteria for issuing an excavation permit, and that the Commission was guided in its decision making by those standards. It would exalt form over substance to conclude that the Commission's decision should be reversed simply because the wrong Regulation was arguably cited by the applicant in its application.
Accordingly, the plaintiff's appeal is dismissed.
SO ORDERED.
Robert L. Holzberg, J.